ALBERT T. FELIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 13828.   Promulgated June 1, 1949.

*Charles H. Sachs, Esq.*, for the petitioner.
*A. W. Dickinson, Esq.*, for the respondent.

938

OPINION.

BLACK, *Judge*: At the outset it is necessary to make some clarification of the issue which we have here to decide. Petitioner in his brief argues that we should hold that a bona fide partnership existed between petitioner and his wife, Mary Ann, throughout the taxable year 1943 and that the income of the Brentwood Coal and Coke Co. for the entire year 1943 should be equally divided between them. That is not the issue raised by the pleadings. It is considerably narrower than

that. What the Commissioner did in his deficiency notice was to add to the net income reported by petitioner on his income tax return for the year 1943, $20,655.79 additional income from the business of Brentwood Coal & Coke Co. This amount included the income which Mary Ann had reported on her return as her share of the partnership profits from Brentwood Coal & Coke Co. for the period September 1 to December 31, 1943.

This action of the Commissioner was assigned as error by the petitioner. The first subdivision of facts in his petition upon which he relies in support of his assignment of error is:

(a) Brentwood Coal and Coke Company is a partnership organized, pursuant to written Articles of Co-Partnership executed, under date of September 1, 1943 by Albert T. Felix and his wife, Mary Ann Felix.

While the partnership return filed under the name of Brentwood Coal & Coke Co. stated that it is for the year 1943, it actually covered the business operations of the company for the period September 1 to December 31, 1943. Petitioner's own income and victory tax return filed for the year 1943 treated the income of the Brentwood Coal & Coke Co. as a sole proprietorship for the period January 1 to August 31, 1943, and he returned all that net income as taxable to him. He returned as his part of the partnership income only one-half of the net income of Brentwood Coal & Coke Co. for the period September 1 to December 31, 1943. He nowhere alleges that his return was in error and that he erred in returning the income of Brentwood Coal & Coke Co. as a sole proprietorship for the period January 1 to August 31, 1943.

Therefore, it seems to us that the pleadings raise the issue, Was there a bona fide partnership existing between petitioner and his wife, Mary Ann, under the name of Brentwood Coal & Coke Co. covering the period September 1 to December 31, 1943? This being our understanding of the issue, we think it must be decided in favor of the petitioner.

We do not understand that there is any controversy as to the correct net income of Brentwood Coal & Coke Co. for the period here in question. The Commissioner made some more or less minor adjustments in the income reported on the partnership return, but these are not contested. As we have already indicated, the only issue, in so far as the partnership is concerned, which petitioner raises in his petition is that the Commissioner erred in holding that he and Mary Ann were not partners during the period September 1 to December 31, 1943. In support of his determination that no partnership existed between Mary Ann and Albert, respondent relies principally upon *Commissioner* v. *Tower*, 327 U. S. 280, and *Lusthaus* v. *Commissioner*, 327 U. S. 293. The Supreme Court said in the *Tower* case:

There can be no question that a wife and a husband may, under certain circumstances, become partners for tax, as for other, purposes. If she either invests capital originating with her or substantially contributes to the control and management of the business, or otherwise performs vital additional services, or does all of these things, she may be a partner as contemplated by 26 U. S. C. §§ 181, 182, 86 U. S. C. A. Int. Rev. Code, §§ 181, 182. The Tax Court has recognized that under such circumstances the income belongs to the wife. * * *

See our discussion of the Supreme Court's decision in *Francis A. Parker*, 6 T. C. 974.

Petitioner's lawyer who drew up the partnership agreement stated the capital contribution of each partner was arrived at upon information furnished to him by petitioner's accountant. This information was based upon the fact that most of the machinery used in the business of Brentwood Coal & Coke Co. stood in Felix's name and the cash was deposited in the banks in Mary Ann's name and she drew all the checks. Respondent argues that, even though the money was deposited in Mary Ann's name, it either belonged to her husband or represented gifts of money made to her by her husband and, therefore, did not constitute capital originating with her and would not constitute a valid capital contribution by her to the partnership. Even if we assume that respondent is correct in this contention, nevertheless we still hold that Mary Ann was a partner in the business, because she contributed vital, important, and essential services to the business during the period in question. See *Francis A. Parker, supra*. It is not necessary to set out here in detail the nature of these services. They are fully set out in our findings of fact. These facts show that Albert attended to the outside work of the business and Mary Ann looked after the inside. One of the witnesses in his testimony summed it up this way:

I said she was the one that seemed more conversant with business matters than the husband did. The husband was the one who was out running the shovel, or the trucks and she was the one who was in touch with the people in the office and with whom they did business. * * * When I wanted to find out anything about the business, as a rule I had to get it from Mrs. Felix.

There is much other testimony in the record to the same effect and there is none to contradict it. We, therefore, think that Mary Ann was a full partner in the business for the period in question, even though it be assumed that she made no capital contribution which originated with her. *Francis A. Parker, supra*.

The Commissioner argues that, even though we should hold that a valid partnership existed between Albert and Mary Ann, it should not date from September 1, 1943, because the written partnership agreement was not signed on that date, but was signed later in the year 1943. It seems unquestionably true that the partnership agreement was not signed until some time after September 1, 1943. We are

unable to make a finding from the evidence as to the exact date in 1943 when it was signed. However, the evidence does convince us that Mary Ann and Albert had agreed orally to conduct their business as a partnership from and after September 1, 1943. Just what their business relationships were prior to that date we do not have to decide, because, as we have already pointed out, we do not think the pleadings put it in issue. A certificate under the seal of .William H. Frasher, Prothonotary of Allegheny County, Pennsylvania, is in evidence. It bears date September 24, 1943, and certifies that:

Mary Ann Felix, Albert T. Felix carrying on or conducting business under the assumed or fictitious name, style or designation of BRENTWOOD COAL & COKE Co. has filed in this office the CERTIFICATE provided for in the Act of Assembly of the Commonwealth of Pennsylvania * * *

So, from all the evidence we are convinced that Mary Ann and Albert, on or about September 1, 1943, definitely agreed to conduct the business of Brentwood Coal & Coke Co. as a partnership, with each partner sharing one-half the profits and losses. This oral partnership agreement was put in writing and signed by the parties sometime later in the taxable year. We, therefore, hold that the partnership of Brentwood Coal & Coke Co. was effective from September 1, 1943, and that one-half of the net profits therefrom belonged to Albert and were taxable to him and one-half of the net profits belonged to Mary Ann and were taxable to her. Cf. *Weizer* v. *Commissioner*, 165 Fed. (2d) 772.

### Penalties.

The Commissioner, along with his determination of the deficiency, also determined a penalty of $3,448.35. This penalty he described in the deficiency notice as follows:

A penalty in the amount $3,448.35 has been imposed under the provisions of Section 294. (d) (1) (B) of the Internal Revenue Code inasmuch as you failed to pay an installment of the estimated tax within the time prescribed.

The statute under which the Commissioner imposed the penalty is printed in the margin.[1]

[1] SEC. 294. [I. R. C.]. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT.
* * * * * * *
(d) ESTIMATED TAX.—
(1) FAILURE TO FILE DECLARATION OR PAY INSTALLMENT OF ESTIMATED TAX.—
* * * * * *
(B) Failure to Pay Installments of Estimated Tax Declared.—Where a declaration of estimated tax has been made and filed within the time prescribed, * * * in the case of a failure to pay an installment of the estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of the unpaid amount of such installment, and in addition 1 per centum of such unpaid amount for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment.

Under section 59 (a) of the Internal Code, payment of estimated tax is required on the 15th day of the last month of each quarter. In 1943, that being the first year of the so-called pay as you go tax plan, the first declaration and payment was required on or before September 15 of that year (Regulations 111, sec. 29.58–6 (a) (1)). For crediting payments on 1942 tax, the final payment for 1943 would be due on December 15 of that year (Regulations 111, sec. 29.58–10 (a)).

Section 294 (d) (1) (B) provides an addition to the tax in the case of failure to pay an installment of estimated tax within the time prescribed, unless the failure is shown to the satisfaction of the Commissioner of Internal Revenue to be due to reasonable cause and not to willful neglect. That addition is in the amount of 5 per cent of the unpaid part of the installment, plus an addition of 1 per cent for each month (except the first) during which the installment remains unpaid, but in no event to exceed 10 per cent of the unpaid part of the installment. Consequently, a taxpayer who failed to pay any part of an installment when due and for as much as six months thereafter would be liable for the maximum addition of 10 per cent.

Petitioner, on December 15, 1943, filed an amended Form 1040-ES (Declaration of Estimated Income and Victory Tax by Individual for the Calendar Year 1943), showing a balance due of $34,483.50, but he failed at that time to make payment of any part of this unpaid balance. Just on what date later he paid this amount the evidence does not inform us. In the revenue agent's report of examination of petitioner's income tax return for the year 1943, a copy of which was furnished petitioner, there was set up an addition to the tax of 10 per cent under section 294 (d) (1) (B) of the Internal Revenue Code. In the notice of deficiency this addition to tax was finally determined. In paragraph 4 (d) of the petition the following assignment of error is made:

The Commissioner has erroneously added a penalty to the deficiency in the amount of $3,448.35. No adequate grounds or detail computations or reasons are stated by the Commissioner for the assertion of this penalty.

The petition contains no allegations of fact in support of this assignment of error and petitioner has adduced scant proof with respect to this penalty. This being the state of the record, petitioner is liable for the penalty imposed by section 294 (d) (1) (B).

*Decision will be entered under Rule 50.*